IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SANDRA BRODBECK,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-cv-03367 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **WAL-MART STORES EAST LP,** | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter comes before this Court on Plaintiff Sandra Brodbeck's first Motion to Remand (ECF No. 6), Defendant Wal-Mart Stores East LP's ("Wal-Mart") Motion to Strike (ECF No. 9), and Plaintiff's second Motion to Remand (ECF No. 11). For the reasons set forth below, the Court **DENIES WITH PREJUDICE** Plaintiff's first Motion to Remand (ECF No. 6) and Defendant's Motion to Strike (ECF No. 9), and **DENIES AS MOOT** Plaintiff's second Motion to Remand (ECF No. 11).

**I.    BACKGROUND**

This action arises out of an incident that occurred at a Wal-Mart store in Mount Vernon, Ohio on or about May 21, 2021. Plaintiff Sandra Brodbeck was shopping at the store when a Wal-Mart employee pushing a cart down the aisle struck her, causing her to fall to the ground. On May 22, 2023, Ms. Broadbeck sued Wal-Mart in the Knox County Court of Common Pleas, asserting negligence and vicarious liability claims for damages exceeding the jurisdictional limit $25,000. Wal-Mart was served on May 24, 2023, and filed an answer in state court on June 12, 2023. On August 17, 2023, Plaintiff was served with Requests for Admissions, which sought to establish the amount in controversy. With objections, Plaintiff responded to the Requests by admitting her

damages exceeded $75,000, exclusive of interest and costs. On October 12, 2023, Defendant removed this action to this Court based on diversity jurisdiction. (ECF No. 1).

On October 13, 2023, upon removal to this Court, Attorney Joshua Fraley appeared on behalf of Plaintiff Brodbeck; two other attorneys appeared in the signature block of the originally filed complaint: Joseph Fraley and David Fraley. Shortly thereafter, the Clerk of Court notified the parties that David Fraley and Joseph Fraley are not admitted members of this bar. (ECF No. 5).

On October 26, 2023, Plaintiff filed her Motion to Remand through Joshua M. Fraley, with Joseph A. Fraley and David A. Fraley appearing in the signature block. (ECF No. 6). On November 10, 2023, Defendant opposed the remand motion and simultaneously moved to strike Plaintiff's Motion to Remand for failure to comply with the Local Rules regarding attorney admissions (ECF No. 11). Plaintiff timely replied and opposed Defendant's Motion to Strike (ECF No. 10). She also re-filed her Motion to Remand, this time listing only Joshua Fraley as the trial attorney in the signature block (ECF No. 11). Defendant opposed (ECF No. 12), and the parties' motions are now ripe for resolution.

II.     STANDARD OF REVIEW

A.  Motion to Strike

Granting or denying a motion to strike is within the sound discretion of the trial court. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480 (6th Cir. 2003). The Federal Rules of Civil Procedure do not contemplate motions to strike documents other than pleadings. *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006); Fed. R. Civ. P. 12(f) (providing that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). Nonetheless, "trial courts [may] make use of their inherent power to control their dockets . . . when determining whether to strike documents or portions of documents [other than

2

pleadings]." *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing *Anthony v. BTR Auto Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003)). Courts have "broad discretion" in "interpreting, applying, and determining the requirements of their own local rules." *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 349-50 (6th Cir. 2015) (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008)). "The district court does not have to accept every filing submitted by a party." *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp.*, PLC, 463 F.3d 478, 488 (6th Cir. 2006). Courts may, however, strike a filing for, *inter alia*, untimeliness or a failure to comply with the local rules. *See Ordos City Hawtai Autobody Co. v. Dimond Rigging Co.*, 695 F. App'x 864, 870-72 (6th Cir. 2017).

### B. Motion to Remand

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A defendant may remove a complaint from state court in only two instances: first, if the plaintiff asserted a federal claim; or second, if the plaintiff asserted a state claim, but the Court has diversity jurisdiction over it. 28 U.S.C. § 1441(a)–(b). Defendants bear the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Diversity jurisdiction requires, inter alia, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). The amount in controversy is viewed "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir .2007). Statutory interest and attorney fees may be considered in determining the amount in controversy if a statute expressly allows for such recovery. *Id.*; *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th

3

Cir.1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

Under 28 U.S.C. § 1446, removal is generally timely if effected "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Section 1446(b) states, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3). The thirty-day period runs from the date that a defendant has "solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Group, PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). The "strict time requirement for removal in civil cases in not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (citations omitted). Further, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir.2007).

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is proper, however, "only where the removing party lacked an objectively reasonable basis for seeking removal." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (internal quotation marks omitted)); *see* 28 U.S.C. § 1447(c). Fees are inappropriate "where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of

4

fault with the defendant's decision to remove." *Warthman*, 549 F.3d at 1059–60 (internal citations omitted). "Absent unusual circumstances . . . when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141.

### III. LAW & ANALYSIS

#### A. Motion to Strike

After Plaintiff filed the first Motion to Remand (ECF No. 6), Defendants moved to strike it from the record, arguing that Plaintiff failed to comply with the local rules requiring parties to be "represented by a designated trial attorney who is a permanent member of the bar of this Court in good standing, or who is admitted pro hac vice." (ECF No. 9, at 1 (citing S.D. Ohio Civ. R. 83.3(e), S.D. Ohio Civ. R. 83.4)). Plaintiff's Motion, according to Defendant, was improper because two attorneys listed in the signature block that have not moved this Court for *pro hac vice* admission. (ECF No. 9, at 1).

Contrary to Defendant's argument, however, not every attorney appearing in a court filing must be a permanent member of the bar or admitted *pro hac vice* for the document to be properly filed. *See* 84.3(e) ("The names of attorneys who are not members of the bar of this Court and who have not been admitted pro hac vice may appear on Court filings, but such attorneys may not sign any document filed with the Court in that case or conduct any proceeding before the Court or any deposition taken in the case."). Because Joshua Farley supplied "the actual signature" on Plaintiff's Motion, pursuant to S.D. Ohio Civ. R. 83.5, the filing was consistent with the Local Rules.

Accordingly, Defendants' Motion to Strike (ECF No. 9), **is DENIED WITH PREJUDICE**. Because this Court sees no impediment to adjudicating the first Motion to Remand (ECF No. 6) with all three names in the signature block, Plaintiff's second Motion to Remand (ECF No. 11) is **DENIED AS MOOT**.

### B. Motion to Remand

With respect to remand, the parties agree that diversity of citizenship exists and that the amount in controversy meets the $75,000 threshold. They dispute, however, whether Defendant's removal was timely under 28 U.S.C. § 1446(b).

The 30-day period, prescribed by Section 1446(b), starts to run upon Defendant's receipt of the initial pleading, so long as the pleading contains "solid and unambiguous information that the case is removable." *Berera*, 779 F.3d at 364. But "[i]f the initial pleading lacks solid and unambiguous information that the case is removable," the defendant must remove the action "'within 30 days after receipt of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable." *Id.* (quoting § 1446(b)(3)).

Plaintiff argues that Defendant knew that the amount in controversy was greater than $75,000 "[f]rom the moment of service of Plaintiff's Complaint," because Plaintiff had sent a pre-suit demand letter several months earlier demanding "$1,000,000" and outlining economic damages totaling $141,269.97. (ECF No. 6, at 3). Wal-Mart responds that Plaintiff's pre-suit letter amounted to nothing more than "negotiation posturing and was an unreliable source of the amount in controversy," and additionally, that the records attached to the demand letter suggested that Plaintiff's damages were unrelated to the alleged incident. (ECF No. 9, at 7–8).

Plaintiff's initial pleading did not contain "solid and unambiguous information that the case is removable" as to trigger the 30-day period under Section 1446(b)(1). Her state court complaint stated only that Plaintiff "demands judgment against the Defendant in an amount not less than $25,000." (ECF No. 1, at 3).

6

As to whether Plaintiff's pre-suit demand letter constitutes an "other paper" for purposes of triggering removability under Section 1446(b)(3), this Court finds that it does not. Although courts have considered pre-suit settlement demands as *some* evidence of the amount-in-controversy, such letters do not provide the kind of "concrete, unambiguous" showing of removability required to trigger the 30-day period under Section 1446(b)(3). By its own terms, the provision only applies "*if the case stated by the initial pleading is not removable.*" 28 U.S.C. § 1446(b)(3). Because Plaintiff's pre-suit demand letter was neither accompanied nor preceded by an "initial pleading," removability cannot be triggered under 28 U.S.C. § 1446(b)(3) based on a pre-suit letter. *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) ("We agree with the other circuits to have considered the matter that a presuit communication is not an 'other paper.'"); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 n.4, 163 (5th Cir. 1992) (removal was timely under Subsection (b)(3) even though defendant received pre-suit "medical bills and [a] demand letter . . . revealing that [plaintiff] was seeking damages in excess of [the jurisdictional minimum]" and even though defendant "knew that the amount in controversy exceeded the . . . minimum jurisdictional limit of the federal court when it received the initial pleading").

As the Tenth Circuit in *Paros* explained, limiting "other paper[s]" to post-suit documents "makes sense because the statutory language clearly does not contemplate 'papers' submitted before the complaint was filed." 835 F.3d at 1271–72. And without the filing of a complaint, a defendant has no way of knowing that the clock has started to run under section 1446(b). *See id.* at 1272 (explaining that "the time for removal after receipt of a presuit paper could well expire before service of the complaint and would never extend beyond the time permitted by § 1446(b)(1)—which is 30 days after service of the complaint or summons"); *see also May v. Wal-*

7

*Mart Stores, Inc.*, 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010) (initial settlement demand letter "does not prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000," given the traditional negotiation tactic of "high-balling the initial settlement demand"); *Wilcox v. Cedar Point*, 2013 WL 4460144, at *3 (N.D. Ohio Jan. 3, 2013) (declining to treat "the amount requested in the [pre-suit] settlement letter as dispositive," where "the lack of pretrial discovery may affect a party's assessment of value one way or the other").

The cases Plaintiff cites in support of her argument all involve post-complaint documents and thus do not compel a different conclusion. *See e.g.*, *Hiser v. Seay*, No. 5:14-CV-170, 2014 WL 6885433, at *1 (W.D. Ky. Dec. 5, 2014) (post-complaint settlement offer); *Mathes v. Burns*, No. 3:19-CV-00751, 2019 WL 5394310, at *6 (M.D. Tenn. Oct. 22, 2019) (post-complaint letter offering a potential settlement); *Pope v. Everest National Insurance Company*, No. 19-CV-10895, 2019 WL 2366590, at *3 (E.D. Mich. June 5, 2019) (medical bill produced in discovery).

Rather, it was Plaintiff's discovery responses, on September 14, 2023, "affirming under oath that the amount in controversy exceeds $75,000," that properly triggered the 30-day period under Subsection 1446(b)(3). Under Sixth Circuit precedent, such responses constitute an "other paper" triggering the right to removal. *See Berera*, 779 F.3d at 365 ("[A]s a general matter, 'documents such as . . . answers to interrogatories and requests for admissions . . . may constitute 'other papers' under § 1446(b)(3)." (quoting Charles Alan Wright, et al., 14C Federal Practice and Procedure § 3731 (4th ed. 2009)); *Ritchie v. Williams*, 395 F.3d 283, 287 n.2 (6th Cir. 2005) (production of a document during discovery constitutes an "other paper" triggering the right to remove); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (holding that if a defendant is able to ascertain for the first time from the plaintiffs deposition testimony that a case is removable, then a notice of removal is properly filed if it is filed within 30 days of that deposition).

8

Wal-Mart filed its notice of removal on October 12, 2023, within 30 days of receiving Plaintiff's discovery responses. Removal was therefore timely under 28 U.S.C. § 1446(b)(3). Because this Court denies remand, Plaintiff's related request for fees and costs pursuant to 28 U.S.C. § 1447(c) must also be denied.

Accordingly, Plaintiff's Motion to Remand (ECF No. 6) is **DENIED WITH PREJUDICE**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 6) and Defendant's Motion to Strike (ECF No. 9) are **DENIED WITH PREJUDICE**. Plaintiff's Second Motion to Remand (ECF No. 11) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATE: September 24, 2024**